IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**DORETTA PROCHASKA**,
individually and on behalf of
all those similarly situated,

        Plaintiff,

vs.

Case No: 17-cv-160

**FIRST CHOICE DENTAL GROUP, S.C.**
440 Science Drive, Suite 100
Madison, WI 53711

        Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action complaint brought by Individual and Representative Plaintiff, Doretta Prochaska ("Plaintiff"), on her own behalf and on behalf of the members of the proposed classes identified below. Plaintiff was a dental hygienist for First Choice Dental Group's Cross Plains location. Starting on November 1, 2015, Plaintiff and the other dental hygienists were paid a percentage of their production. However, when the dental hygienists worked overtime, Defendant failed to account for their production pay in their computation of the overtime rate. Plaintiff, on behalf of herself and the putative classes, alleges that this conduct is in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Wisconsin Wage Payment and Collection Act, Wis. Stat. § 109 *et seq.*

## JURISDICTION AND VENUE

2. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq.* The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court for the Western District of Wisconsin because Defendant operates a dental clinic in this district and because the events giving rise to these claims occurred in this district.

## PARTIES

4. Plaintiff, Doretta Prochaska, is an adult resident of Cross Plains, Wisconsin. Plaintiff was employed by Defendant as a dental hygienist in the past three years. Plaintiff has consented in writing to assert claims for overtime wages under the FLSA. Her consent form is filed as Exhibit A.

5. Defendant, First Choice Dental Group, S.C., is a service corporation registered in the state of Wisconsin. Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1). Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d), Wis. Stat. § 103.001(6), and Wis. Stat. § 109.01(2).

## FACTUAL ALLEGATIONS

6. Throughout the three years preceding the filing of this Complaint, Plaintiff and putative class members are or were employed by Defendant as dental hygienists.

7. Throughout the three-year period preceding the filing of this Complaint,

Plaintiff and putative class members were classified by Defendant as non-exempt from overtime wages.

8. Starting on November 1, 2015, Defendant switched to a method of compensation for Plaintiff and the dental hygienists called the "hygiene compensation rate." This is a percentage of the hygienist's "net hygiene production," or the fees charged by Defendant for work performed by the hygienist less insurance adjustments, cash discounts, and write-offs. Hygienists were paid 29% of their net hygiene production. If the hygienist produced over $200,000 in the previous four quarters, s/he was paid 32% of the net hygiene production.

9. Hygienists were paid a bi-monthly advance against their anticipated net hygiene production payments, called a "draw." Each quarter, Defendant calculated the "hygiene compensation rate" to be paid to the dental hygienists, and paid any compensation earned in excess of the draw paid out during that quarter. In the event that a hygienist's "hygiene compensation rate" was less than the draw paid that quarter, the overdrawn amount was deducted from their future pay.

10. Defendant required hygienists to remain at work even when they were not seeing patients and did not provide any compensation for this work.

11. After switching to the hygiene compensation rate pay system, when a dental hygienist worked overtime, s/he was paid an overtime premium of $12.50 based on a $25 per hour wage, rather than using their actual hourly regular rate of pay inclusive of production pay.

12. Plaintiff brings this action on behalf of herself and on behalf of other

similarly-situated employees, pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly-situated employees is defined as:

> All persons who were employed by First Choice Dental Group, S.C. as dental hygienists, and who were not compensated at a rate of one-and-one-half times their regular rate of pay for hours worked over 40 per workweek at any time during the Statutory Period.

13. Plaintiff brings this action on behalf of herself and on behalf of other similarly-situated employees, pursuant to Fed. R. Civ. P. 23. The **Wisconsin Overtime Class** is defined as:

> All persons who were employed by First Choice Dental Group, S.C. as dental hygienists, and who were not compensated at a rate of one-and-one-half times their regular rate of pay for hours worked over 40 per workweek at any time during the Statutory Period.

## CLASS ALLEGATIONS

14. Plaintiff brings the Second and Third Causes of Action on her own behalf and on behalf of the **Wisconsin Overtime Class**, as defined in paragraph 16, *supra,* pursuant to Fed. R. Civ. P. 23 (a) and (b).

15. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, on information and belief, Defendant has employed more than 40 people who satisfy the definition of the **Wisconsin Overtime Class**.

16. There are questions of law and fact common to the **Wisconsin Overtime Class** that predominate over any questions solely affecting individual members of the Class, including, but not limited to:

4

a) Whether Defendant maintained a common practice of paying dental hygienists overtime using a general hourly rate of $25 per hour rather than their actual hourly rate, resulting in unpaid overtime;

b) The nature and amount of compensable work performed by Plaintiff and members of the putative Wisconsin Overtime Class; and

c) The proper measure of damages sustained by Plaintiff and members of the putative Wisconsin Overtime Class.

17. Plaintiff's claims are typical of those of the **Wisconsin Overtime Class**. Plaintiff, like other members of the **Wisconsin Overtime Class**, was subjected to Defendant's illegal pay policies of not calculating overtime wages using the regular rate of pay, in violation of Wisconsin law.

18. Plaintiff will fairly and adequately protect the interests of the **Wisconsin Overtime Class** and has retained counsel experienced in complex wage and hour litigation.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against a large and wealthy defendant.

20. Class certification of the Second and Third Causes of Action is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the **Wisconsin Overtime Class** predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common

and uniform policies and practices denied the **Wisconsin Overtime Class** overtime wages to which they are entitled. The damages suffered by individual class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments.

21. Plaintiff intends to send notice to all members of the **Wisconsin Overtime Class** to the extent required by Fed. R. Civ. P. 23.

## FIRST CAUSE OF ACTION:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

22. The preceding paragraphs of this Complaint are re-alleged as though set forth here in full.

23. The FLSA, 29 U.S.C. § 207, requires each covered employer to compensate all non-exempt employees at a rate of one-and-one-half times the regular rate of pay for work performed in excess of 40 hours per workweek.

24. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

25. Plaintiff and members of the Collective Class are or were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

26. At no time during the Statutory Period were Plaintiff and members of the Collective Class exempt from overtime pay under any of the FLSA exemptions.

27. During their employment with Defendant, and within the Statutory Period, Plaintiff and members of the Collective Class were paid on a production basis

for the clients they saw.

28. During their employment with Defendant, and within the Statutory Period, there were weeks when Plaintiff and members of the Collective Class were suffered and permitted to work in excess of 40 hours per workweek.

29. Within the Statutory Period, Defendant used a set hourly rate of $25 per hour to calculate the overtime wages due to Plaintiff and members of the Collective Class rather than their regular hourly rate as required by 29 C.F.R. § 778.118.

30. Defendant's practices violate the provisions of the FLSA, including 29 U.S.C. § 207 and 29 C.F.R. § 778.118. As a result of these unlawful practices, Plaintiff and members of the Collective Class suffered a wage loss.

31. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and members of the Collective Class overtime wages in violation of the FLSA.

## SECOND CAUSE OF ACTION:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW

32. The preceding paragraphs of this Complaint are re-alleged as though set forth here in full.

33. The foregoing conduct, as alleged, violates Wis. Stats. §§ 103.02 and 109.03, and the Wis. Admin. Code § DWD 274.03.

34. At all relevant times, Plaintiff and members of the Wisconsin Overtime Class were employees of Defendant within the meaning of Wis. Stat. § 103.01(5) and Wis. Stat. § 109.01(1r).

35. Wis. Stat. § 103.03 and Wis. Admin. Code. § DWD 274.03 require an

employer to pay employees overtime wages, calculated at one-and-one-half times the regular rate of pay, for all hours worked over 40 per workweek.

36. Wis. Stat. § 109.03 requires employers to pay all wages earned by an employee, including overtime, within 31 days of the date the wages were earned.

37. During their employment with Defendant, and within the Statutory Period, Plaintiff and members of the Wisconsin Overtime Class were suffered and permitted to work in excess of 40 hours per workweek.

38. During their employment with Defendant, and within the Statutory Period, Defendant failed to calculate Plaintiff's and members of the Wisconsin Overtime Class's overtime rates using their regular rate of pay.

39. As a result of Defendant's failure to properly pay overtime wages to Plaintiff and members of the Wisconsin Overtime Class, Defendant has violated Wis. Stats. §§ 103.03 and 109.03, as well as Wis. Admin. Code § DWD 274.03.

40. Plaintiff and members of the Wisconsin Overtime Class seek damages in the amount of unpaid wages earned and due as provided by Wis. Stats. §§ 103.03, 109.03, and Wis. Admin. Code § DWD 274.03, and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

41. Plaintiff and members of the Wisconsin Overtime Class seek recovery of attorney's fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff and members of the proposed Classes demand judgment against Defendant, awarding them:

A. The overtime compensation owed to Plaintiff and members of the Collective Class under 29 U.S.C. § 207 for the three-year time period prior to the commencement of this action;

B. The overtime compensation owed to Plaintiff and members of the Wisconsin Overtime Class under Wis. Stats. §§ 103.03 and 109.03 for the two-year time period prior to the commencement of this action;

C. Liquidated damages in an amount equal to the amount awarded to them as overtime wage compensation as provided in 29 U.S.C. § 216(b);

D. Penalties due under Wis. Stat. § 109.11;

E. All attorney's fees incurred by Plaintiff in prosecuting this action, and the costs of this action, as provided in 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6); and

F. Such other legal and equitable relief as this Court deems just and necessary to vindicate Plaintiff's rights.

Dated: March 1, 2017.

                              **HAWKS QUINDEL, S.C.**
                              *Attorneys for the Plaintiff*

                              By: */s/ David C. Zoeller*
                              David C. Zoeller, State Bar No. 1052017
                              Email: dzoeller@hq-law.com
                              Caitlin M. Madden, State Bar No. 1089238
                              Email: cmadden@hq-law.com
                              222 West Washington Avenue, Suite 450
                              Post Office Box 2155
                              Madison, Wisconsin 53701-2155
                              Telephone: (608) 257-0040
                              Facsimile: (608) 256-0236